IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ELMO ANDREW SOIGNET, III, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:20-CV-2418-K |
| | § | |
| RICKY ROSS, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court are Defendant's Motion to Dismiss the Complaint, or in the Alternative, to Transfer Venue (Doc. No. 9) and Defendant's Motion to Strike Paragraph 6 of Plaintiff's Declaration (Doc. No. 23). Upon review of the record, it is unclear to the Court whether it has subject-matter jurisdiction over this case. *See FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 230–31 (1990); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level.").

On August 21, 2020, Defendant filed a Notice of Removal (Doc. No. 1) in the United States District Court for the Northern District of Texas. In the Notice of Removal, Defendant alleged that this Court has subject-matter jurisdiction based on diversity jurisdiction. On August 24, 2020, this Court ordered Defendant to amend his Notice of Removal (Doc. No. 4) as it was unclear whether the Court had diversity jurisdiction over the case. Defendant filed an Amended Notice of Removal (Doc. No.

8); however, it is still unclear whether the parties are completely diverse—particularly with respect to Plaintiff's citizenship.

The party seeking to invoke federal diversity jurisdiction has the burden of pleading the diverse citizenship of the parties. *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974). The diversity of the parties' citizenship must be complete in that one of the plaintiffs cannot share the same state citizenship as one of the defendants. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003). "[W]hen jurisdiction depends on citizenship, citizenship must be distinctly and affirmatively alleged." *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (emphasis and internal quotation marks omitted).

In the Amended Notice of Removal, Defendant alleges, "According to Plaintiff's Original Petition, Plaintiff is a citizen of Texas for purposes of diversity jurisdiction. See Exhibit 3-A, Plaintiff's Original Petition, ¶ 2." Doc. No. 8 at 3." The state court petition does not establish that Plaintiff is a citizen of Texas, which requires residence and intent to remain in Texas. Rather, the state court petition states, "Plaintiff resides in Rockwall County, Texas. He may be served by and through his counsel at the contact information in the signature block below." Doc. No. 8, Ex. 3-A at 1. This is a statement of Plaintiff's residence, not his citizenship. Given that ample facts in the record tie Plaintiff to Louisiana as well, Defendant must clarify and properly allege Plaintiff's citizenship.

"[C]itizenship and residence, as often declared by this court, are not

2

synonymous terms." *Robertson v. Cease*, 97 U.S. 646, 648 (1878). Citizenship requires not only "[r]esidence in fact" but also "the purpose to make the place of residence one's home." *Texas v. Florida*, 306 U.S. 398, 424 (1939) (emphasis added). As the United States Court of Appeals for the Fifth Circuit has explained, "[f]or purposes of diversity jurisdiction, the domicile of the parties, as opposed to their residence, is the key," and "citizenship means domicile"; "mere residence in the State is not sufficient," where "[r]esidence alone is not the equivalent of citizenship, although the place of residence is prima facie the domicile"; and "citizenship is not necessarily lost by [protracted] absence from home, where the intention to return remains." *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 799 (5th Cir. 2007) (internal quotation marks omitted). "In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of citizenship. A person's state of domicile presumptively continues unless rebutted with sufficient evidence of change. Domicile requires the demonstration of two factors: residence and the intention to remain." *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) (citations and internal quotation marks omitted).

The citizenship allegations are determinative of whether there is complete diversity vesting this Court with subject matter jurisdiction or whether this Court must dismiss the action. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Stafford v.*

3

*Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991) ("Failure to adequately to allege the basis for diversity jurisdiction mandates dismissal.").

The party seeking the federal forum bears the burden of establishing subject-matter jurisdiction. *See St. Paul Reinsurance Co*, 134 F.3d at 1253. Defendant has failed to properly allege Plaintiff's citizenship. Therefore, the Court cannot determine whether it has subject-matter jurisdiction. Defendant is **ORDERED** to amend his Amended Notice of Removal <u>by Thursday, December 10, 2020 at 5:00 p.m.</u> This is the final opportunity to amend the Notice of Removal as this is the second time the Court has requested proof of Plaintiff's citizenship. <u>Failure to properly establish diversity jurisdiction will result in remand to state court **without further notice**</u>. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

**SO ORDERED.**

Signed December 4th, 2020.

*Ed Kinkeade*

ED KINKEADE
UNITED STATES DISTRICT JUDGE

4